IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES F. KALLAS,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )     No.  10 C 935
                                      )
WILLIAM R. BRAGG, et al.,             )
                                      )
            Defendants.               )

MEMORANDUM ORDER

Defendants William Bragg ("Bragg") and Underwood Trucks,

Inc. ("Underwood"), represented by the same counsel, have filed

their respective Answers to the Complaint brought against them by

Charles Kallas.  This sua sponte memorandum order is triggered by

a few problematic aspects of those responsive pleadings.

To begin with, the practice of filing separate responsive

pleadings where defendants share common counsel is usually not

constructive.  For one thing, it forces opposing counsel and the

assigned judge to flip back and forth between those pleadings to

determine the respects in which the different defendants are or

are not on the same page, while that task would be much

simplified if a single response were filed (so that any

differences between the parties' positions would be highlighted).

And to be candid, the practice often promotes carelessness in

pleading--thus in this instance each Answer ¶2 begins "This

Defendant admits that <u>he</u> operated a motor vehicle..." (emphasis

added), although of course that can be true only as to Bragg and

not as to the corporate codefendant.

Apart from that general aspect of the responsive pleadings, a few individual components call for brief further discussion. Here they are:

    1.  Just how can Bragg's Answer ¶3 say that the corresponding Complaint allegations "are not directed against this defendant and, therefore, no response is required thereto"?  Those allegations clearly say something about Bragg as well as Underwood, and he must answer in that respect.  Moreover, apart from that issue, the demand for "strict proof" (whatever that is) is really meaningless--see App'x ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

    2.  Although neither response says so directly, this Court assumes that each Answer's denial of the Complaint ¶4 allegations is based on a position that Bragg occupied a status other than that of an Underwood employee--perhaps acting as an independent contractor?  But even if such is the case, this Court still has difficulty in understanding the basis for each Answer's response to Complaint ¶6 taking any position other than a straightforward admission.

Despite what has been said at the outset, this Court will not send defense counsel back to the drawing board to file a single joint response--unlike other cases in which a complaint is

lengthier and more complex, the task of comparison is not unduly

onerous (besides which this Court has already made the

comparison, so that pleading over would create needless work).

But counsel should surely correct the other problems identified

here, and should do so promptly.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 21, 2010